IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENN MABSON and OZELLA SCOTT MABSON,<br><br>      Plaintiffs,<br><br>  vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF MAUI KAMAOLE, JEFF MARSH, Resident Manager, DESTINATION MAUI, NANCY PRICE, Property Manager,<br><br>      Defendants.<br>_____ | CV. NO. 06-00235 DAE-LEK |

## ORDER IMPOSING RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL FOR PURSUING A FRIVOLOUS LAWSUIT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiffs' Supplemental Memorandum in Opposition to Sua Sponte Rule 11 Sanctions Against Counsel and the supporting and opposing memoranda, the Court ORDERS the imposition of Rule 11 sanctions against Plaintiffs' counsel, Andre S. Wooten, Esq. ("Wooten"), for all reasonable attorneys' fees that Defendants incurred from the date on which Plaintiffs' counsel discovered that Plaintiffs' claims were frivolous, that is, from May 8, 2007 to the present.

## BACKGROUND

On July 24, 2006, Plaintiffs filed an Amended Complaint, alleging violations of (1) the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., (2) Hawaii Revised Statutes §§ 368 and 515, (3) Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2000), and (4) intentional infliction of emotional distress.  Plaintiffs claims were based on Defendants' refusal to assign them a free, handicap parking space at their condominium building in addition to their assigned parking space, a delay in trimming the landscaping in front of their unit, and purported racial slurs that were directed at third parties or were not made by residents or managers of the condominium.

On May 30, 2007, Defendants filed a summary judgment motion.  In response, Plaintiffs filed an untimely opposition with an ex parte motion for enlargement of time to file the opposition.  Defendants, in their reply, argued that Plaintiffs' opposition and the supporting documents should be stricken because of the late filing and the countless procedural defects in Plaintiffs' concise statement of material facts ("CSOF"), citing in support Wooten's history of non-compliance with the Court's rules.  On August 13, 2007, the Court granted Defendants' summary judgment motion on the ground that Plaintiffs' legal contentions clearly

were not warranted under existing law ("Order Granting Summary Judgment"). To recap its reasons, the Court first pointed out that Plaintiffs were not arguing that an additional parking space was necessary to accommodate Plaintiff Glenn Mabson's ("Glenn") disability, as Glenn readily admitted (and Plaintiffs' counsel conceded) that he was not disabled. Second, the Court highlighted that Plaintiffs were not arguing that an additional parking space was required so that Glenn could care for his mother, Plaintiff Ozella Mabson ("Ozella"), which, even if unsuccessful, at least may have been arguable. Rather, the Court found that Plaintiffs' arguments essentially amounted to a back door attempt to get a free parking spot for Glenn, in addition to their assigned parking spot, to assist Glenn with his daily activities and his business. Plaintiffs' remaining claims were equally unwarranted, as detailed in the order.

The Court further denied Plaintiffs' ex parte motion as moot without striking the opposition and the supporting documents because the opposition did not assist Plaintiffs' case in any event. In doing so, the Court found that the reasons that Wooten provided for the extension of time essentially amounted to poor time management. The Court also referenced numerous instances of

Wooten's repeated warnings in this Court for procedural defects with his filings.[1]

The Court then set forth its reasons for denying the ex parte motion, including the failure to provide the Court with a satisfactory reason for the delay in filing his opposition, the faults with Wooten's CSOF, and concerns with the inadequacies in the declarations.

Finally, the Court ordered <u>sua sponte</u> that Wooten submit further argument to show cause as to why the Court should not impose Rule 11 sanctions against him in light of the seeming frivolity of the arguments propounded in the

---

[1] The Court notes that it specifically limits its decision and its reasons set forth herein to Wooten's conduct in the instant case. Nonetheless, as way of further background, the Court notes, as it did in the section of its order denying Plaintiffs' ex parte motion, Wooten's long history of violations in this Court. <u>See</u> <u>Epileptic Found. of Maui v. City and County of Maui</u>, 300 F. Supp. 2d 1003, 1005 n. 3 (D. Haw. 2003) (noting in another case involving the instant Plaintiffs that Wooten had filed an untimely opposition and untimely declarations); <u>Shipley v. Hawaii</u>, Civil No. 05-00145, 2006 WL 2474059, at *5 (D. Haw. August 24, 2006) (unpublished decision) ("As this court is so often called upon to do, it again cautions [Wooten] for [the plaintiff] to file a timely opposition, or statement of no opposition, to Defendants' motion for summary judgment"); <u>Kaulia v. County of Maui</u>, Civil No. 05-00290, 2007 WL 2156091, at *7 n.14 (D. Haw. July 20, 2007) (unpublished decision) (recognizing "the numerous defects in [the plaintiff's] current pleadings" where Wooten was the plaintiff's counsel); <u>see also</u> <u>White v. Pacific Media Group, Inc. et al.</u>, CV NO. 03-00587 DAE/KSC, at *18 n.3 (D. Haw. June 16, 2004) (noting the numerous "typographical errors and flagrant misstatements" in Wooten's submissions and complaint filed on behalf of the plaintiff, leading the Court to "strongly admonish[] counsel's flagrant lack of attention to detail in [the] court['s] filings" and "find[ing] that [counsel's] lack of diligence falls below the standard of professional competence required to practice before the federal court").

pleadings and the motion(s). In reaching its preliminary decision concerning the Rule 11 sanctions, the Court found that Plaintiffs' legal contentions clearly were not warranted by existing law, as they simply were based on an unwillingness to pay for an additional parking space and claims of harassment that did not even affect Plaintiffs, except for one claim involving an alleged racial slur by a non-resident that was not reported to Defendants, thus exposing Wooten to sanctions under Fed. R. Civ. P. 11(b)(2), (c)(1), and (c)(2); see also Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005). When asked during the hearing if Wooten could justify Plaintiffs' position, Wooten responded that because Glenn previously was allowed to use the handicapped parking space, he should have been allowed to continue that use, even though, since then, Defendants had discovered that Glenn indisputably was not, in fact, disabled. Counsel conceded that point, yet he still advanced his argument that, even if Plaintiffs received that parking space through a prior misrepresentation about Glenn's condition, Glenn (and/or Ozella) still should be able to use that parking space free of charge, apparently through the generosity of management. The Court declined to support an argument that one should be able to continue to benefit from a prior "accommodation" (which term was used loosely) based on a misrepresentation that since had been clarified.

Before imposing Rule 11 sanctions, however, the Court provided Wooten with an opportunity at the hearing and in writing thereafter to show cause as to why he should not be sanctioned.  During the hearing, Wooten failed to provide the Court with any reason to dissuade it from issuing sanctions based on the frivolity of the claims pled and pursued throughout the proceedings. Notwithstanding that failure, according to the limitations under Rule 11 and the directives in Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005), the Court granted Wooten an opportunity to provide further argument to show cause as to why Rule 11 sanctions should not be issued against him before making a conclusive finding concerning the frivolity of the lawsuit.  Because the Court did not have sufficient information at its disposal to make a definitive finding concerning the reasonableness and the competency of the inquiry that Wooten undertook before pursuing the lawsuit, the Court provided Wooten with 10 days to show cause and Defendants with 10 days to respond.

## STANDARD OF REVIEW

The Court may impose sanctions pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 11 sanctions in its discretion.  See Christian v. Mattel, Inc., 286 F.3d 1118, 1126 (9th Cir. 2002).  When imposing such sanctions, the Court's factual findings will be reversed only if clearly erroneous and legal

findings only if "they result from a 'materially incorrect view of the relevant law.'" Id. (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402 (1990)).

Fed. R. Civ. P. 11(b)(2) provides that, "[b]y presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, — [] the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"  If the Court determines that subdivision (b) has been violated, it may impose appropriate sanctions upon the attorney, law firm, or parties, subject to the limitations provided, after providing notice and a reasonable opportunity to respond.  See Fed. R. Civ. P. 11(c).

One Rule 11 limitation instructs the Court, when it seeks to impose sanctions on its own initiative, to direct an attorney, law firm, or party to show cause why it has not violated subdivision (b).  See Fed. R. Civ. P. 11(c)(1)(B). Another Rule 11 limitation provides that the Court may award monetary sanctions on its own initiative only if the Court "issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned."  Fed. R. Civ. P. 11(c)(2)(B).

## DISCUSSION

According to Fed. R. Civ. P. 11(c)(1)(B) and (c)(2)(B), the Court issued an order to show cause before a voluntary dismissal or settlement of the claims, providing Wooten with an opportunity to show cause why the Court should not subject him to Rule 11 サンクション.  As the Ninth Circuit has made clear, "[f]iling a complaint in federal court is no trifling undertaking." Christian, 286 F.3d at 1127.  "An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose." Id. "When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" Holgate, 425 F.3d at 676 (quoting Christian, 286 F.3d at 1127 (9th Cir. 2002)). Moreover, an attorney's later advocacy of a document otherwise sanctionable provides a basis for Rule 11 sanctions. See Buster v. Griesen, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997).

Wooten has failed to show that his pleadings and the subsequent motions were well grounded in fact and existing law based on a reasonable and

competent investigation into the facts before filing the Complaint.  Wooten claims that, when he filed the Complaint, he believed that both Glenn and Ozella were disabled for two reasons.  First, Wooten believed that Glenn was disabled because, in the Hawaii Civil Rights Commission Charge ("HCRC"), Glenn had indicated that both cars, Glenn and Ozella's, displayed handicap placards.  The HCRC did not make that finding; Wooten merely assumed the truth of it, taking Glenn "at his word regarding the placards."  (Supplemental Memorandum at 7, 10.)  At no time did Wooten ask to see the placards before filing the Complaint.  (Id. at 10.)  Additionally, Wooten's justification for accepting Glenn's word is that he "did not think that [Glenn] would be so stupid or forgetful as to err about a County record, something that ultimately could be proven contrary to what he said rather easily." (Id.)  Wooten claims that Glenn's "stupidity" or "forgetfulness" may have been a result of Glenn's "epileptic seizures," which relationship the Court finds dubious at best.  (Id. at 8.)   Unfortunately for Wooten, a client's "stupidity" does not relieve an attorney of his duty to conduct due diligence, or, in the words of the Ninth Circuit, "a reasonable and competent inquiry before signing and filing" a Complaint.  Holgate, 425 F.3d at 676.

       Second, Wooten based his belief that Glenn was disabled on Wooten's own observations of Glenn's medical reports that he believed justified

the issuance of such placards.  Those medical injuries took the form of injuries to Glenn's back, leg, ankle and nerves that allegedly resulted from an incident that occurred in May 2001 (over six years ago).  Wooten has not provided the Court with any medical documentation to justify those injuries, nor has the Court ever seen such documentation in previous filings.  The only documentation that Wooten has provided the Court in support of that belief is Plaintiffs' Amended Pre-Trial Statement, which is signed by Wooten alone.  Notably, there are no medical documents attached to the Amended Pre-Trial Statement.  Still, Wooten states that he "gleaned" such injuries from a July 17, 2002 report by Dr. Thomas Rogers, but he did not refer to that report in the Amended Pre-Trial statement and he does not attach that report here.  Without any documentation whatsoever, Wooten has failed to provide the Court with any proof, where proof easily could be presented for the Court's verification, that the inquiry that Wooten undertook was reasonable and competent.

Furthermore, Wooten readily admits that, as of the date of Glenn's deposition, he discovered that Glenn was not, in fact, disabled.  (Suppl. Memo. at 9-10.)  During Glenn's deposition testimony on May 8, 2007, Glenn admitted that only one handicapped person was involved in this case, that is, Ozella.  Wooten claims that he believed, at the outset, that both Plaintiffs were disabled, which is

questionable in itself based on Plaintiffs' failure to investigate that factual allegation. Even if the Court were to accept that statement, Wooten provides <u>no</u> excuse for continuing with the lawsuit once he admittedly gained knowledge that both Plaintiffs were not, in fact, disabled.

In short, Wooten has failed to prove to the Court that he conducted a reasonable and competent inquiry before filing his Complaint. He provides no documentation to support the existence of the medical records that he supposedly reviewed before filing the Complaint, which left him with the impression that Glenn had a handicap. Additionally, Wooten's mere "assumption" that Plaintiffs had two handicap placards fell short of a "reasonable" and "competent" inquiry. Moreover, even after Wooten admittedly gained knowledge on May 8, 2007 that Ozella was the only handicapped individual, he still continued to pursue the lawsuit, instead of moving to dismiss it, which he should have done, or, if Plaintiffs insisted on moving forward, withdrawing as counsel of record. Those actions expose Wooten to Rule 11 sanctions.

The only question that remains is from what date to award sanctions "under Rule 11 for those 'services directly and unavoidably caused' by the sanctionable conduct." <u>Christian</u>, 286 F.3d at 1132 (quoting Fed. R. Civ. P. 11, advisory committee notes, 1993 Amendments, Subdivisions (b) and (c)). In the

11

Court's order to show cause, it indicated that Wooten should be responsible for half of all of the reasonable attorneys' fees that Defendants' incurred in the case. From the evidence and the arguments adduced since then, the Court (generously) finds that Wooten should be held responsible for <u>all</u> reasonable attorneys' fees incurred since May 8, 2007 to the present. In making that award, the Court recognizes that a failure to make an adequate investigation, while falling below the standard required to negate a finding of frivolousness, may not rise to the level necessary to impose a Rule 11 sanction. Nonetheless, Wooten's conduct thereafter in continuing to pursue the lawsuit after admittedly gaining knowledge that the lawsuit was frivolous on May 8, 2007, undoubtably warrants the imposition of Rule 11 sanctions. Consequently, based on Wooten's continued pursuit of the lawsuit with knowledge that the claims made therein were frivolous, the Court imposes Rule 11 sanctions on Wooten, ordering him to pay <u>all</u> of Defendants' reasonable attorneys' fees incurred from May 8, 2007 (including that date) to the present.

## CONCLUSION

For the reasons stated above, the Court imposes Rule 11 sanctions on Plaintiffs' counsel, Andre S. Wooten, to pay <u>all</u> reasonable attorneys' fees incurred from May 8, 2007 to the present.

Defendants shall file their affidavits as to the attorneys' fees to be awarded pursuant to this Order within 15 days of this Order. The matter is to be referred to the Magistrate Judge for determination of the amount of attorneys' fees which should be awarded.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 25, 2007.

_____
David Alan Ezra
United States District Judge

Glenn Mabson, et al. vs. Association of Apartment Owners of Maui Kamaole, et al., Civil No. 06-00235 DAE-LEK; ORDER IMPOSING RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL FOR PURSUING A FRIVOLOUS LAWSUIT