IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| GLENN MABSON, ET AL., | ) | CV 06-00235 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATION OF APARTMENT OWNERS OF MAUI KAMAOLE, ET AL., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON THE AMOUNT OF**
**<u>RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL</u>**

On September 25, 2007, United States District Judge David Alan Ezra issued his Order Imposing Rule 11 Sanctions Against Plaintiffs' Counsel for Pursuing a Frivolous Lawsuit ("Sanctions Order"). Judge Ezra ordered Andre Wooten, Esq., counsel for Plaintiffs Glenn Mabson and Ozella Scott Mabson (collectively "Plaintiffs"), to pay all of the defendants' reasonable attorney's fees incurred from May 8, 2007 "to the present[,] [Sanctions Order at 12,] and referred the determination of the amount of the award to this Court. On October 10, 2007, counsel for Defendants Association of Apartment Owners of Maui Kamaole, Jeff Marsh, Destination Maui, and Nancy Price (collectively "Defendants") filed a declaration stating that they incurred $36,820.93 in attorney's fees, including tax, from May 8, 2007. Wooten filed an objection to Defendants'

billings on October 20, 2007, and a supplement to the objection on October 22, 2007.[1]  In accord with Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.  After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that the district judge award Defendants $32,054.56 in attorney's fees.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case and the Court will only discuss the events relevant to the issues before it.

On August 13, 2007, at the hearing on Defendants' Motion for Summary Judgment, the district judge sua sponte raised the issue whether Wooten should be sanctioned pursuant to Fed. R. Civ. P. 11(c)(2)(B) for pursuing frivolous claims.  In the order granting the Motion for Summary Judgment, the district judge ordered Wooten to provide further explanation of the reasonableness and the competency of the inquiry he undertook to determine the validity of Plaintiffs' claims.  Wooten submitted his memorandum on August 23, 2007 and Defendants submitted a

---

[1] Wooten's submissions include arguments in the nature of a motion for reconsideration of the Sanctions Order.  On October 24, 2007, Defendants filed an Ex Parte Motion to Partially Strike Plaintiffs' Counsel's Submissions Regarding Attorneys' Fees.  On October 26, 2007, this Court denied Defendants' ex parte motion and stated that it would only consider Wooten's arguments regarding amount of the award.

memorandum on September 4, 2007.

In the Sanctions Order, the district judge ruled that Wooten's continuing pursuit of the action after May 8, 2007, the date on which he learned that the suit was frivolous, warranted Rule 11 sanctions.[2]  The district judge ordered Wooten to "pay <u>all</u> of Defendants' reasonable attorneys' fees incurred from May 8, 2007 (including that date) to the present."  [Sanctions Order at 12 (emphasis in original).]

Defendants seek $36,820.93 in attorney's fees, including tax, for fees incurred from May 8, 2007 up to and including the preparation of the declaration in support of attorney's fees.

Wooten argues that the requested amount is excessive and arbitrary.  He asserts that an award of that size would have a chilling effect on the public prosecution of civil rights. Specifically, Wooten argues that the request for $2,816.00 for 12.80 hours for Plaintiffs' depositions on May 8, 2007 is excessive.  Wooten argues that, because Glenn Mabson's deposition was a continuation from the previous day and Ozella Mabson's deposition had previously been set, Defendants would not have saved any attorney's fees if Wooten had attempted to stop the proceedings after Glenn Mabson's admission.  Wooten also contests

---

[2] On May 8, 2007, Glenn Mabson admitted during his deposition that he was not handicapped.

the $3,982.00 in fees after the August 13, 2007 hearing on Defendants' Motion for Summary Judgment. He argues that Defendants should not be compensated for responding to his justifiable opposition to the imposition of Rule 11 sanctions, particularly because he was not given the opportunity to withdraw or otherwise correct the offending paper, as required by Rule 11's safe harbor provision.

Wooten asserts that Defendants' request of more than $6,000 for work by counsel's paralegal is excessive and overly burdensome. He also claims that defense counsel's fees for the Motion for Summary Judgment, which Wooten argues was simple and obvious, are excessive. Wooten asserts that, even if he had withdrawn from the case after Glenn Mabson's May 8, 2007 admission, Defendants would still have filed the Motion for Summary Judgment.

In his October 22, 2007 supplement, Wooten argues that Defendants should not be compensated for the time William Ota, Esq., spent investigating the Epileptic Foundation of Maui because it was not a party and such work was irrelevant. Wooten also lists several specific time entries which he alleges were excessive.

## **DISCUSSION**

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set

forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation.

See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Defendants request the following lodestar amount for work they contend is compensable under the terms of the Sanctions Order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lynne T.T. Toyofuku | 68.3 | $220 | $15,026.00 |
| Melanie Mito May | 0.9 | $220 | $    198.00 |
| William N. Ota | 88.6 | $150 | $13,290.00 |
| Paul F. Kessler | 55.3 | $125 | $ 6,912.50 |
| | | Subtotal | $36,426.50 |
| | | Credit | <$   262.50> |
| | | | $35,164.00 |
| Hawai`i General Excise Tax @ 4.712% | | | $ 1,656.93 |
| TOTAL REQUESTED LODESTAR | | | $36,820.93 |

[Exh. A & D to Decl. of Lynne T.T. Toyofuku in Supp. of Attorneys' Fees ("Toyofuku Decl.").]  Ms. Toyofuku was admitted to the Hawai`i bar in 1989 and has been a partner at various law firms since 1995.  [Id. at ¶ 4.a.]  Ms. Mito May is a partner

who was admitted to the Hawai`i bar in 1996.  [Id. at ¶ 4.b.] Mr. Ota is an associate who was admitted to the Hawai`i bar in 1997.  [Id. at ¶ 4.c.]  Mr. Kessler is a paralegal with over thirteen years of experience.  [Id. at ¶ 4.d.]

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Defendants submitted a chart from the 2006 edition of the Pacific Business News as evidence of the range of hourly rates for partners and associates in Hawai`i law firms. Defendants state that the requested fees are within these ranges. [Toyofuku Decl. at ¶ 8.d.]  Based on this Court's knowledge of the prevailing rates in the community and the parties' submissions in this case, this Court finds the requested hourly

7

rates of $220 for Ms. Toyofuku and Ms. Mito May, and $150 for Mr. Ota to be manifestly reasonable. The Court, however, finds that the requested hourly rate of $125 for Mr. Kessler is unreasonable. A reasonable hourly rate for a paralegal with Mr. Kessler's experience is $85.

**B.    Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

The Court will first address Wooten's general objections. Wooten alleges that an award as large as Defendants'

request would have a chilling effect on plaintiffs in civil rights actions.  He also argues that Defendants should not be compensated for the hours expended in Plaintiffs' depositions and the preparation of Defendants' Motion for Summary Judgment because these would still have occurred even if he had taken action upon Glenn Mabson's admission.  In addition, Wooten asserts that Defendants should not be compensated for the time their attorneys spent addressing the imposition of Rule 11 sanctions.  This Court finds that Wooten's general objections must be denied because the district judge expressly ordered Wooten to "pay all of Defendants' reasonable attorneys' fees incurred from May 8, 2007 (including that date) to the present." [Sanctions Order at 12 (emphasis in original).]  The Court, however, finds that the phrase "to the present" precludes compensation for counsel's time after the receipt and review of the Sanctions Order.  The Court will therefore deduct 0.7 hours from Ms. Toyofuku's time and 5.2 hours from Mr. Kessler's time.

        The Court now turns to the reasonableness of specific time entries in Defendants' request.  The Court notes that the judges' courtroom managers are considered part of the Clerk's Office and the Court considers telephone conferences and correspondence with the Clerk's Office to be clerical in nature.  Work that is clerical in nature is not compensable because it should be subsumed within a law firm's overhead.  The Court will

9

therefore deduct 0.3 hours from Ms. Toyofuku's time for communication with courtroom managers. The Court will also make a similar deduction to Mr. Kessler's time. Mr. Kessler also claimed several other clerical tasks, including calling court reporters to check on the status of transcripts, organizing documents, and labeling exhibits. The Court finds that a total of 7.6 hours should be deducted from Mr. Kessler's time for clerical tasks.

With regard to Mr. Ota's time, the Court finds that 5.0 hours should be deducted for work that was duplicative of Ms. Toyofuku's work. The Court also finds that 3.1 hours of Mr. Kessler's time is duplicative of the attorneys' work and should be excluded.

Finally, the Court notes that Mr. Kessler's billings include numerous conferences with the attorneys to discuss his work on the case. While some conferences between an attorney and her staff members is reasonable, the Court finds that the amount requested in the instant case is excessive. The Court will therefore deduct 3.0 hours from Mr. Kessler's time.

The Court finds the remainder of the time entries to be manifestly reasonable.

### 3. **Total Award**

Based on the foregoing, this Court finds that Defendants established the appropriateness of the following

attorney's fees:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lynne T.T. Toyofuku | 67.3 | $220 | $14,806.00 |
| Melanie Mito May | 0.9 | $220 | $   198.00 |
| William N. Ota | 83.6 | $150 | $12,540.00 |
| Paul F. Kessler | 36.1 | $ 85 | $ 3,068.50 |
| | | Subtotal | $30,612.50[3] |
| | Hawai`i General Excise Tax @ 4.712% | | $ 1,442.46 |
| | TOTAL REQUESTED LODESTAR | | $32,054.56 |

This Court finds it unnecessary to adjust the award amount based on the Kerr factors.

**CONCLUSION**

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendants' request for attorney's fees be GRANTED IN PART AND DENIED IN PART and that the district judge award Defendants attorney's fees in the amount of $32,054.56.

IT IS SO FOUND AND RECOMMENDED.

---

[3] The Court notes that counsel's request includes a $262.50 credit. Insofar as the Court cannot determine how counsel arrived at this figure, the Court has not applied it to the recommended award. Further, the deductions the Court applied exceed the amount of the credit.

DATED AT HONOLULU, HAWAI`I, February 26, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**GLENN MABSON, ET AL. V. ASSOCIATION OF APARTMENT OWNERS OF MAUI KAMAOLE, ET AL; CIVIL NO. 06-00235 DAE-LEK; REPORT OF SPECIAL MASTER ON THE AMOUNT OF RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL**