IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | | |
|---|---|---|
| GLENN MABSON and OZELLA SCOTT  MABSON, | ) ) ) | CV. NO. 06-00235 DAE-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| ASSOCIATION OF APARTMENT OWNERS OF MAUI KAMAOLE, JEFF MARSH, Resident Manager, DESTINATION MAUI, NANCY PRICE, Property Manager, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER AFFIRMING AND ADOPTING THE REPORT OF THE SPECIAL
MASTER ON THE AMOUNT OF RULE 11 SANCTIONS AGAINST
PLAINTIFFS' COUNSEL; AND ORDER DENYING PLAINTIFFS'
COUNSEL'S OBJECTIONS THERETO

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Plaintiffs' Memorandum of

Plaintiffs' Counsel in Opposition to Magistrate's Feb. 26, 2008 Report of Special

Master on the Amount of Rule 11 Sanction against Plaintiffs' Counsel and

Objection to Defendants' Billing (Doc. # 95) and the supporting and opposing

memoranda, the Court AFFIRMS and ADOPTS the Report of the Special Master

on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel and DENIES

Plaintiffs' counsel's motion in opposition thereto.

BACKGROUND

The parties are familiar with the underlying facts of this case so the

Court only recounts those facts that are pertinent to the instant matter.  Plaintiffs

filed suit against Defendants in April 2006 alleging violations of the Fair Housing

Act, the Americans with Disabilities Act, and various Hawai`i Revised Statutes.  In

essence, Plaintiffs Glenn Mabson ("Glenn") and Ozella Scott Mabson sought a

second handicapped parking place at the condominium complex at which they

reside based on their assertion that they were both handicapped and were entitled

to such an accommodation.

On May 30, 2007, Defendants filed a motion for summary judgment.

In response, Plaintiffs filed an untimely opposition with an ex parte motion for

enlargement of time to file the opposition.  Defendants, in their reply, argued that

Plaintiffs' opposition and the supporting documents should be stricken because of

the late filing and the countless  procedural defects in Plaintiffs' concise statement

of material facts ("CSOF"), citing in support Defendants' counsel André S.

Wooten's history of non-compliance with the Court's rules.  On August 13, 2007,

the Court granted Defendants' summary judgment motion on the ground that

2

Plaintiffs' legal contentions clearly were not warranted under existing law. Specifically, the Court found that Mr. Wooten had learned that the case was meritless at Glenn's May 7-8, 2007 deposition ("Glenn's deposition"), at which Glenn indicated that he was not in fact handicapped.

The Court denied Plaintiffs' <u>ex parte</u> motion as moot without striking the opposition and the supporting documents because the opposition did not assist Plaintiffs' case. The Court found that the reasons proffered for the extension of time resulted from poor time management by Mr. Wooten. The Court also referenced numerous past warnings by this Court to Mr. Wooten for procedural defects with his filings. The Court then set forth its reasons for denying the <u>ex parte</u> motion, including the failure to provide the Court with a satisfactory reason for the delay in filing the opposition, the faults with Mr. Wooten's CSOF, and concerns with inadequacies in the attached declarations.

The Court then ordered <u>sua sponte</u> that Mr. Wooten submit further argument to show cause as to why the Court should not impose Rule 11 sanctions against him in light of the frivolity of the arguments propounded in the pleadings and motions. In reaching its preliminary decision concerning the Rule 11 sanctions, the Court found that Plaintiffs' legal contentions clearly were not warranted by existing law, thus exposing Mr. Wooten to sanctions under Federal

Rule of Civil Procedure 11(b)(2), (c)(1), and (c)(2); see also Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).

Before imposing Rule 11 sanctions, however, the Court provided Mr. Wooten with an opportunity at the hearing and in writing thereafter to show cause as to why he should not be sanctioned.  During the hearing, Mr. Wooten failed to provide the Court with any reason to dissuade it from issuing sanctions based on the frivolity of the claims pled and pursued throughout the proceedings. Notwithstanding that failure, pursuant to Rule 11 and the directives in Holgate, the Court  granted Mr. Wooten an opportunity to provide further argument to show cause as to why Rule 11 sanctions should not be issued against him before making a conclusive finding concerning the frivolity of the lawsuit.  Because the Court did not have sufficient information at its disposal to make a definitive finding concerning the reasonableness and the competency of the inquiry that Mr. Wooten undertook before pursuing the lawsuit, the Court provided Mr. Wooten with ten days to show cause and Defendants with ten days to respond to Mr. Wooten's submission.

On August 23, 2007, Mr. Wooten filed a supplemental opposition to imposition of Rule 11 sanctions against him.  This filing largely reiterated Mr. Wooten's unpersuasive arguments from the summary judgment hearing and did

4

nothing to dissuade this Court from its opinion that Mr. Wooten had failed to show that his pleadings and the subsequent arguments were well grounded in fact and existing law based on a reasonable and competent investigation.  Defendants filed their timely memorandum in opposition on September 4, 2007.  On September 25, 2007, this Court issued the Order Imposing Rule 11 Sanctions Against Plaintiffs' Counsel for Pursuing a Frivolous Lawsuit ("Sanctions Order"), holding Mr. Wooten responsible for all of Defendants' reasonable attorney's fees from May 8, 2007, the concluding date of Glenn's deposition, to the present.

On October 10, 2007, Defendants submitted to the Magistrate Judge a declaration in support of attorney's fees pursuant to the Sanctions Order, detailing all legal fees incurred by counsel from May 8, 2007 to September 28, 2007.  On October 20, 2007, Mr. Wooten filed an objection to the declaration in which he contested the amount declared by Defendants' counsel, in addition to re-stating his arguments as to why he should not be sanctioned.  On October 22, 2007, Mr. Wooten filed a supplemental objection, again reiterating these same arguments.

On October 24, 2007, Defendants filed an ex parte motion to partially strike Mr. Wooten's objections, which was denied by Magistrate Judge Kobayashi on October 26, 2007.  In her order, Magistrate Judge Kobayashi stated that, while the majority of Mr. Wooten's submissions were more in keeping with a motion for

5

reconsideration as opposed to a discussion of the issues before the court (i.e. the proper amount of attorneys' fees), she was able to distinguish between the issues.

Mr. Wooten filed a motion for reconsideration of the imposition of Rule 11 sanctions on November 3, 2007. Mr. Wooten, however, electronically filed the document without actually attaching the text of the motion. After the motion was terminated by the clerk's office, Mr. Wooten re-filed the motion on November 5, 2007, re-titling it as "Motion for Relief from Order Imposing Rule 11 Sanctions" ("Motion for Reconsideration"). This Court construed this motion as a motion for reconsideration because the majority of the arguments pertained to the Court's decision to impose Rule 11 sanctions, as opposed to the amount of these sanctions. Also on November 5, 2007, Defendants filed a motion to strike Plaintiffs' Motion for Reconsideration, arguing that the imposition of sanctions was an interlocutory order and was therefore subject to the time limitations of Local Rule 60.1. On November 9, 2007, the Court struck Plaintiffs' motion to strike as untimely.

On February 26, 2008, Magistrate Judge Kobayashi filed the Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel (Doc. # 94) (the "Report"), in which she recommended that Defendants be awarded fees in the amount of $32,054.56. In arriving at this number, Magistrate Judge

Kobayashi reduced the amount requested by Defendants by $4,766.37 to account for duplicative and/or clerical work.

On March 20, 2008, Mr. Wooten filed the instant motion disputing the amount awarded in the Report and, on March 31, 2008, Defendants filed a response (Doc. # 96).

## STANDARD OF REVIEW

Parties may file objections to, or motions to adopt of modify, a master's order, report, or recommendation no later than 20 days after a copy is served.  Fed. R. Civ. P. 53(f).  The district court reviews all objections to masters' reports de novo unless the parties stipulate otherwise.  Id.

## DISCUSSION

Initially, the Court notes that, to the extent Mr. Wooten's motion reiterates the position that his actions were appropriate and not sanctionable, the Court declines to address this issue.  Mr. Wooten has previously raised these identical arguments orally and in numerous written motions and his continued insistence of the validity of his position is simply not borne out by the facts of this case.  The Court stands on its previous rulings as to the reasons for imposing Rule 11 sanctions against Mr. Wooten.

Mr. Wooten presents two primary objections to the Report.  First, Mr. Wooten contends that the amount of the sanction should be limited to the work performed by Defendants' lead counsel, Lynne T. T. Toyofuku.  Second, Mr. Wooten asserts that the sanction should be reduced to reflect Plaintiffs' lack of financial strength in relation to Defendants.  Defendants contend that these objections have no merit.  The Court agrees.

As to Mr. Wooten's first objection, it is premised upon two sub-arguments.  While unclear, it appears that Mr. Wooten argues that, because Plaintiffs only had one attorney, Defendants should not be permitted to recover fees for more than one attorney.  Additionally, Mr. Wooten avers that the work performed by attorneys and staff other than Ms. Toyofuku was duplicative of Ms. Toyofuku's services and should therefore be excluded from the sanction.

Mr. Wooten cites no authority for the proposition that Rule 11 sanctions should be proportionate to the number of attorneys aligned with the sanctioned individual.  As the Court has stated on innumerable occasions, the sanction at issue here was imposed on Mr. Wooten because the record clearly indicates that he brought wholly unsupported claims and that he continued to pursue these claims long after it was clear that he had no basis for doing so.  The fact that Mr. Wooten did not have an associate working for him is irrelevant to the

8

amount of sanction imposed on him pursuant to Rule 11 for Defendants'
reasonable attorneys' fees.  Moreover, the fact that Defendants employed multiple
attorneys in defending against the frivolous claim pursued by Mr. Wooten actually
worked in his favor for purposes of calculating the amount of the sanction because
associate and paralegal billing rates were significantly lower than the rates charged
by Ms. Toyofuku.  Despite Mr. Wooten's repeated claims that this work was
"duplicative," he provides the Court with no evidence supporting this proposition.
As such, Mr. Wooten's first objection to the sanction amount fails.

Mr. Wooten's second objection – that the Report fails to account for
the parties' relative financial strength – is similarly unavailing.  The sanction here
is not an award of attorneys' fees within the meaning of the Fair Housing Act, as
Mr. Wooten's argument implies.  Rather, this sanction is directed solely at Mr.
Wooten, who, it bears repeating again, was, or should have been, aware that the
instant lawsuit was unsustainable as a result of Glenn's deposition.  Mr. Wooten's
clients' financial strength, or lack thereof, is not a proper basis on which to contest
the amount of the sanction.

As this Court has indicated to Plaintiffs' counsel, it appreciates and
respects attorneys who represent clients in need of representation where they
pursue legitimate claims of discrimination or other similar causes of action.  It does

no service to those legitimate claims, however, when counsel pursues frivolous and meritless claims even when it becomes clear beyond any doubt that those claims are untenable.  For the reasons detailed in great depth in the Court's previous orders, that is exactly what Mr. Wooten has done here.

Because Mr. Wooten fails to present meritorious objections to the recommended sanction award, the Court finds no reason to disturb the findings of Judge Kobayashi's Report.

<u>CONCLUSION</u>

For the reasons stated above, the Court AFFIRMS and ADOPTS the Report and DENIES Plaintiffs' counsel's motion in opposition to the Report.  The Court hereby ORDERS Plaintiffs' counsel André S. Wooten to pay Defendants' attorneys' fees in the amount of $32,054.56.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i . May 13, 2008.



_____
David Alan Ezra
United States District Judge

<u>Glenn Mabson, et al. vs. Association of Apartment Owners of Maui Kamaole, et al.</u>, Civil No. 06-00235 DAE-LEK; ORDER AFFIRMING AND ADOPTING THE REPORT OF THE SPECIAL MASTER ON THE AMOUNT OF RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL; AND ORDER DENYING PLAINTIFFS' COUNSEL'S OBJECTIONS THERETO